UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

JAMES LAMONT MILLER,                    )
                                        )
                    Petitioner,         )       Case No. 1:07-cv-546
                                        )
v.                                      )       Honorable Robert Holmes Bell
                                        )
WILLIE O. SMITH,                        )
                                        )       **MEMORANDUM OPINION**
                    Respondent.         )
_____ )

        This was a habeas corpus action that was dismissed by Judge Robert Holmes Bell on

initial screening for failure to state a claim upon which relief can be granted in habeas corpus.

Petitioner did not appeal the judgment, but did appeal Judge Bell's denial of petitioner's third motion

for reconsideration, filed three months after entry of judgment.  The matter is now pending before

the United States Court of Appeals for the Sixth Circuit.  Because the matter was dismissed on initial

screening pursuant to Habeas Rule 4, respondent was not served and counsel for respondent did not

appear in this court.  Now that the matter is on appeal, however, the Michigan Attorney General is

representing respondent for appellate purposes.

        Presently pending before the court is a motion by respondent's counsel to supplement

the appellate record by adding thereto certain Michigan Department of Corrections policy directives,

a major misconduct hearing report, segregation behavior review report, and an order of the United

States Court of Appeals for the Sixth Circuit in another matter involving petitioner.

Requests for modification of the trial court record while a matter is on appeal are governed by Rule 10(e) of the Federal Rules of Appellate Procedure. Rule 10(e) provides as follows:

**(e)     Correction or Modification of the Record.**

(1)     If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.

(2)     If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:

(A)     on stipulation of the parties;

(B)     by the district court before or after the record has been forwarded; or

(C)     by the court of appeals.

(3)     All other questions as to the form and content of the record must be presented to the court of appeals.

FED. R. APP. P. 10(e). None of the documents that respondent now wishes to place in the record were before the court at the time Judge Bell entered his judgment or orders denying motion for reconsideration. Therefore, respondent's motion is an effort to inject into the appellate record factual material that was not before the district court.

Under clear Sixth Circuit authority, Rule 10(e) allows amendment of the record on appeal only in two circumstances: "(1) when the parties dispute whether the record actually discloses what occurred in the district court and (2) when a material matter is omitted by error or accident." *United States v. Barrow*, 118 F.3d 482, 487 (6th Cir. 1997). Courts should amend the record under Rule 10(e) only to ensure that the appellate record accurately reflects the record before the district court. 118 F.3d at 487. It should be clear that respondent's motion does not seek to

ensure that the appellate record accurately reflects the record before this court. Rather, respondent is attempting to obtain appellate review of this court's decision on a record different from the one presented to this court. Numerous Sixth Circuit cases hold that Rule 10(e) may not be used to introduce new evidence in the Court of Appeals. *See, e.g.*, *Howard v. Bouchard*, 405 F.3d 459, 468 (6th Cir. 2005); *United States v. Murdock*, 398 F.3d 491, 500 (6th Cir. 2005); *United States v. Smith*, 344 F.3d 479, 486 (6th Cir. 2003); *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1012 (6th Cir. 2003). "A party may not by-pass the fact-finding process of the lower court and introduce new facts in its brief on appeal." *Inland Bulk Transfer*, 332 F.3d at 1012 (quoting *Sovereign News Co. v. United States*, 690 F.2d 569, 571 (6th Cir. 1982)).

Normally, the record on appeal consists of "the original papers and exhibits filed in the district court," "the transcript of proceedings, if any," and "a certified copy of the docket entries prepared by the district clerk." FED. R. APP. P. 10(a). If certification of the foregoing documents to the appellate court fails somehow to reflect the factual matters considered by the district court, a motion under Rule 10(e) is proper. *Inland Bulk Transfer*, 332 F.3d at 1012. Rule 10(e) does not justify an attempt to add "new material that was never considered by the district court." *Id.*

Under the foregoing authorities, respondent's motion must be denied. This denial is without prejudice to respondent's ability to seek relief in the Court of Appeals. Moreover, at least two of the documents that are the subject of respondent's motion (an order of the Sixth Circuit in a related case and a published MDOC policy directive) may be subject to judicial notice in the Court of Appeals. That issue, of course, is for the Court of Appeals to determine.

Dated:  February 12, 2010              /s/  Joseph G. Scoville
                                        United States Magistrate Judge